UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN YOUNG, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> AETNA LIFE INSURANCE COMPANY and ) </br> CHILDREN'S HOSPITAL BOSTON GROUP ) </br> LONG TERM DISABILITY PLAN, ) </br> ) </br> Defendants. ) </br> ) | CIVIL ACTION </br></br> NO. 13-40154-TSH |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO EXCLUDE DOCUMENTS FROM THE RECORD (Docket No. 23)

**February 27, 2015**

HILLMAN, D.J.

This is an ERISA action in which Plaintiff Susan Young ("Plaintiff") challenges the Defendants' termination of long-term disability benefits under the Children's Hospital Boston Group Long Term Disability Plan, an employee welfare benefit plan. Plaintiff has filed a motion to exclude documents from the record (Docket No. 23). For the following reasons, the Plaintiff's motion is ***denied***.

## Background

Plaintiff was previously employed at Children's Hospital in Boston. Through her employment at Children's, Plaintiff was covered by an ERISA welfare benefit plan underwritten by Aetna Life Insurance Company. Defendant Aetna Life Insurance Company is the claims administrator for the policy, and Children's Hospital is the plan administrator.

1

In September 2008, Plaintiff was involved in a car accident that caused severe injuries to her shoulder, back, and hip. At the time of the accident, Plaintiff was working as an ICU Floor nurse at Children's Hospital, and the injuries left her unable to perform her job. She made a claim under her welfare benefits policy for short-term disability benefits, which Aetna approved for six months. As her condition did not improve over the six months, Plaintiff applied and was initially approved for long-term disability benefits in March 2009. However, Aetna reviewed Plaintiff's claim in January 2012, and decided to terminate Plaintiff's benefits on May 25, 2012. Plaintiff appealed the determination through Aetna's internal appeals process, but was unsuccessful. This action was commenced on December 26, 2013. Plaintiff seeks judicial review under 29 U.S.C. § 1132(e) of Defendants' decision to terminate her long-term disability benefits.

## **Discussion**

On August 13, 2014, Defendants filed their proposed record for judicial review (Docket No. 17). Plaintiff seeks to exclude documents submitted by Defendants marked as "Young Policy 000001 to 000062" ("Proposed Policy"), on the basis that they were not disclosed to Plaintiff during the internal appeals process.[1] At issue is the fact that the Proposed Policy contains language granting to Aetna "discretionary authority" to determine whether covered employees are entitled to benefits under the plan. *See* Proposed Policy at 000062.[2] If a discretionary authority provision is part of the plan, the Court must uphold Aetna's decision

---

[1] Plaintiff's motion also requests leave to amend the complaint to add claims against Aetna for penalties under 29 U.S.C. § 1132(A)(1)(a) & (c). *See* Docket No. 23. At oral argument, however, Plaintiff's counsel represented that she was waiving that request in light of intervening precedent. *See Tetrault v. Reliance Standard Life Ins. Co.*, 769 F.3d 49 (1st Cir. 2014) (holding that the ERISA penalties provision does not allow for penalties against a claims administrator).

[2] The provision states, in relevant part: "[Aetna] has complete authority to review all denied claims for benefits under this policy. In exercising such fiduciary responsibility, Aetna shall have discretionary authority to: determine whether and to what extent employees and beneficiaries are entitled to benefits; and construe any disputed or doubtful terms of this policy. Aetna shall be deemed to have properly exercised such authority. It must not abuse its discretion by acting arbitrarily and capriciously." *See* Proposed Policy at 000062.

"unless it is arbitrary, capricious, or an abuse of discretion." *Cusson v. Liberty Life Assur. Co. of Boston*, 592 F.3d 215, 224 (1st Cir. 2010) (internal quotations omitted). In the absence of such a provision, "a denial of benefits . . . is to be reviewed under a *de novo* standard." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989).

During the internal appeals process Plaintiff repeatedly asked Aetna to provide her with a full set of documents for the Children's Hospital Boston Group Long Term Disability Plan, but was never given a version containing the discretionary authority language. Now, at the eleventh hour, the discretionary authority provision appears on the last page of the Proposed Policy submitted by Defendants. Plaintiff argues that the late disclosure of the discretionary authority language materially prejudices her position in this action, and therefore should be excluded.

For the same reason that Judge Woodlock did not impose a *de novo* standard of review in *McDonough v. Aetna Life Insurance Company*, I decline to exclude the discretionary authority provision. *See* 2014 WL 690319, CV No. 11-11167-DPW (D. Mass. Feb. 19, 2014). In *McDonough*, the plaintiff argued that the court should review Aetna's benefits determination *de novo* because Aetna did not disclose a discretionary authority provision until well after the litigation had commenced, even though the plaintiff had made repeated requests for a complete copy of the plan. *Id.* at *11. However, the plaintiff in *McDonough* also acknowledged that the benefits plan at issue did in fact contain the language reserving discretionary authority. *Id.* Consequently, notwithstanding the belated disclosure by Aetna, Judge Woodlock "decline[d] to impose *de novo* review where the plan unequivocally ma[de] such a reservation." *Id.* at 12.

As in *McDonough*, the benefits plan at issue expressly contains a discretionary authority provision. Plaintiff does not assert that Defendants have submitted an incorrect plan, but instead argues that the late disclosure is so prejudicial that the discretionary authority language should be

3

excluded. I disagree. To be sure, an insurer's failure to provide beneficiaries with correct plan documents after repeated requests is worthy of reproach. It is also troubling that Aetna appears to be a repeat offender. As unseemly as the failure is, the fact that a plaintiff lacks notice of a plan's discretionary authority provision during the initial determination process is not so consequential that it warrants exclusion from the record. Such a provision "is effectively addressed not to the beneficiary, but only to a reviewing court that must act only after an application has been denied." *Thurber v. Aetna Life Ins. Co.*, 712 F.3d 654, 660 (2d Cir. 2013).[3] Thus, as Judge Woodlock observed, "the argument in favor of an actual notice requirement lacks the persuasive value it might have if the provision at issue affected the beneficiary's substantive rights under the plan." *McDonough*, 2014 WL 690319 at *12 (citing *Thurber*, 712 F.3d at 659-60). Accordingly, I decline to exclude Aetna's Proposed Policy.

In so doing, however, I note that a failure to provide beneficiaries with complete plan documents during the initial determination and internal appeals process may reflect on the insurer's ability to engage in a reasoned and principled decision making process. Thus, the issue may properly be taken into account as one of the "myriad of relevant factors" the Court considers in determining whether the benefits denial amounted to an abuse of discretion. *See Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 9 (1st Cir. 2009) (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 115, 128 S.Ct. 2343 (2008)).

---

[3] I agree with the contention that, contrary to the Second Circuit's assertion in *Thurber*, a beneficiary's lack of notice of a discretionary authority provision carries at least some consequence: "whether a particular plan contains a discretionary reservation may well impact, among other things, a claimant's ability to find counsel willing to take his case." *McDonough*, 2014 WL 690319 at *12 n.11. However, this consequence is not so substantial as to require the provision's exclusion.

## **Conclusion**

For the reasons set forth above, Plaintiff's motion to exclude documents from the record (Docket No. 23) is ***denied***.

SO ORDERED.

                        ***/s/ Timothy S. Hillman***
                        **TIMOTHY S. HILLMAN**
                        **DISTRICT JUDGE**